**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**DOLPHIN POINTE AT WATERSIDE CONDOMINIUM ASSOCIATION, INC.,**
Plaintiff,

v. 2:26-mc-6-SPC-NPM

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**
Defendant.

---

**ORDER DENYING APPRAISAL**

Plaintiff Dolphin Pointe contends that defendant American Bankers has underpaid its Hurricane Ian flood insurance claim. While American Bankers paid Dolphin Pointe $226,496.28 pursuant to a federal Residential Condominium Building Association Policy ("RCBAP"),[1] Dolphin Pointe subsequently submitted a proof of loss to American Bankers for $1,536,563.99. (Doc. 16 at 9). Dolphin Pointe's claim reflects a dispute as to both the scope of coverage and, even if the scope of coverage is as American Bankers contends, the scope of damage. Nevertheless, Dolphin Pointe invokes the policy's appraisal provision and seeks an order compelling one.[2]

---

[1] American Bankers is a Write-Your-Own (WYO) Program Carrier participating in the federal government's National Flood Insurance Program.

[2] Because the ADR mechanism of an appraisal constitutes an arbitration for purposes of the Federal Arbitration Act, we treat Dolphin Pointe's request as a motion pursuant to 9 U.S.C. § 6. *See Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 (2d Cir. 2019); *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London*, 567 F. Supp. 3d 1099, 1106 (D. Neb. 2021), *aff'd sub nom.*, 60 F.4th 1206 (8th Cir. 2023); *Register v. Certain Underwriters At Lloyd's*, No. 5:20-

RCBAPs are governed by the National Flood Insurance Program ("NFIP"). The NFIP was established by Congress, through the National Flood Insurance Act, to make "flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection." 42 U.S.C. § 4001(a). Claims are paid out of a National Flood Insurance Fund in the United States Treasury. *See* 42 U.S.C. § 4017(a). Thus, federal statutes, federal regulations, and federal common law govern disputes about the construction of terms in insurance policies issued under the Act. *See Newton v. Cap. Assur. Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001).

The appraisal provision in the RCBAP states: "If you and we fail to agree on the actual cash value or, if applicable, replacement cost of your damaged property to settle upon the amount of loss, then either may demand an appraisal of the loss." (Doc. 16-1 at 21); 44 C.F.R. Pt. 61, App. A(3), § VIII.M. Thus, the appraisal clause in a federal flood insurance policy can be invoked only when the scope of the dispute is reduced to a valuation of the loss. *See Pelican Watch Condo. Ass'n, Inc. v. Selective Ins. Co.*, No. 2:24-cv-506-SPC-KCD, 2024 WL 4045478, *1 (M.D. Fla. Aug. 14, 2024) (denying appraisal because the insurer disputed whether certain items were damaged by the flood or covered by the policy); *Admiral's Bay Ass'n,*

---

cv-52-TKW-MJF, 2020 WL 6106624, *3 (N.D. Fla. Apr. 20, 2020); *see also Liberty Mut. Grp., Inc. v. Wright*, No. CIV.A. DKC 12-0282, 2012 WL 718857, *6 (D. Md. Mar. 5, 2012) (requests to appoint an appraisal umpire are processed as motions under the FAA); *Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 7 (1st Cir. 2004) (an agreed method to reach a binding resolution by a third-party neutral about a fact in dispute constitutes an arbitration for purposes of the FAA).

*Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:23-CV-801-JLB-KCD, 2024 WL 4602732, *1 (M.D. Fla. Apr. 23, 2024) (same).

Here, there are unresolved issues regarding the scope of flood-related damage and its inclusion within the ambit of the RCBAP. So, neither party may invoke the appraisal clause at this time. Accordingly, Dolphin Pointe's motion to compel appraisal (Doc. 1) is **DENIED** without prejudice. Should the parties reach an agreement on the scope of coverage and the items damaged by the flood, Dolphin Pointe may renew its motion.

Having disposed of the only relief sought in this action, there is nothing left for us to consider. The **CLERK** is directed to **TERMINATE** all scheduled events and **CLOSE** the case.

**ORDERED** on November 2, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge